UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:21-cv-88

| | |
|---|---|
| CAROL E. TITUS and<br>DAVID TITUS,<br>                Plaintiffs,<br><br>  vs.<br><br>AMERICAN AIRLINES, INC.,<br>AMERICAN AIRLINES GROUP, INC.,<br>and PIEDMONT AIRLINES, INC.<br><br>                Defendants. | NOTICE OF REMOVAL |

Pursuant to 28 U.S.C. §§ 1441(a) and 1446, as well as 28 U.S.C. §§ 1332 and 1367, Defendant Piedmont Airlines, Inc., with the unanimous consent of earlier-served Defendants American Airlines, Inc. and American Airlines Group, Inc., files this Notice of Removal of the instant action from the North Carolina General Court of Justice, Superior Court Division, Mecklenburg County, where it is now pending, to the United States District Court for the Western District of North Carolina, Charlotte Division, and shows the Court the following:

1. Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, Piedmont Airlines, Inc., with the unanimous and unambiguous consent of earlier-served Defendants American Airlines, Group, Inc. and American Airlines, Inc., hereby removes Civil Action Number 20-CVS-6968, *Carol E. Titus and David Titus v.*

1

*American Airlines, Inc., American Airlines Group, Inc. and Piedmont Airlines, Inc.* from the North Carolina Court of Justice, Superior Court Division, Mecklenburg County ("Mecklenburg County Superior Court") where it is now pending, to the United States District Court for the Western District of North Carolina – Charlotte Division.

2. On May 12, 2020, Plaintiffs initially filed this action in Mecklenburg County Superior Court against American Airlines, Inc. and American Airlines Group, Inc. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other documents from the state court's file are attached hereto as **Exhibit A.**

3. The Complaint asserted a single count of negligence and a derivative claim for loss of consortium against these Defendants stemming from an alleged incident at Charlotte-Douglas Airport on September 7, 2017. In this incident, the Plaintiff Carol Titus was allegedly injured as she attempted to deplane a regional aircraft. See *Complaint*, ¶¶ 9-16.

4. On June 2, 2020, service of the Summons and Complaint was effectuated on American Airlines, Inc. and American Airlines Group, Inc.

5. On or about February 26, 2021, an Amended Complaint was filed in Mecklenburg County Superior Court naming Piedmont Airlines, Inc. as an additional Defendant. See *Amended Complaint*, contained within **Exhibit A**.

6. Pursuant to Rule 8(a)(2) of the North Carolina Rules of Civil Procedure, the Amended Complaint did not state the demand for monetary relief, but rather, stated that the relief demanded is for damages in excess of $10,000.

**REMOVAL OF CASE BASED ON DIVERSITY JURISDICTION**

7. The case is removable pursuant to 28 U.S.C. § 1441(a) as a civil action "of which the district courts of the United States have original jurisdiction."

8. Pursuant to 28 U.S.C. § 1332(a), this Court has original subject matter jurisdiction over this case because the real parties in interest to this action are citizens and residents of different states:

    (a) Plaintiffs alleged that they are citizens and residents of Columbia County, Georgia. See *Amended Complaint*, ¶¶ 1-2 contained within **Exhibit A**.

    (b) Defendant American Airlines, Inc. is incorporated in the State of Delaware with its principal place of business in the State of Texas. Consequently, American Airlines, Inc. is treated as a citizen and domiciliary of Delaware and Texas for purposes of determining citizenship under 28 U.S.C. §1332.

    (c) Defendant American Airlines Group, Inc. is incorporated in the State of Delaware with its principal place of business in the State of Texas. Consequently, American Airlines Group, Inc. is

3

treated as a citizen and domiciliary of Delaware and Texas for purposes of determining citizenship under 28 U.S.C. §1332.

(d) Defendant Piedmont Airlines, Inc. is incorporated in the State of Maryland with its principal place of business in the State of Maryland. Consequently, Piedmont Airlines, Inc. is treated as a citizen and domiciliary of Maryland for purposes of determining citizenship under 28 U.S.C. §1332.

(e) Ultimately, this is a claim between Plaintiffs who are residents and citizens of Georgia and Defendants who are citizens and domiciliaries of Delaware, Texas, and Maryland.

9. Pursuant to 28 U.S.C. §1332(a), this Court also has original subject matter jurisdiction over this case because the amount in controversy exceeds $75,000 exclusive of interest and costs:

(a) The Amended Complaint alleges that Plaintiff Carol Titus "incurred serious injuries including a fractured head of the left femur and fracture of her left radius," which caused "permanent injuries to her body for which she continues to suffer great pain of body and mind," and she has "incurred medical expenses as well as other damages and losses." See *Amended Complaint*, ¶¶ 17, 20-21, contained within **Exhibit A**.

(b) The Amended Complaint further alleges that Plaintiff David Titus "sustained substantial damages in regard to loss of consortium, marital services, society, advice, affection, companionship or marital relations of his spouse Plaintiff Carole Titus [sic]". See *Amended Complaint*, ¶¶ 28, contained within **Exhibit A**.[1]

(c) As part of Plaintiff Carol Titus's responses to American Airlines, Inc.'s First Requests for Production of Documents, Plaintiffs produced an Index of all Medical Providers who rendered treatment to Mrs. Titus and a total of all medical bills. At the time of this submission, the current amount is: $65,972.98. See *Index of Produced Documents*, attached hereto as **Exhibit B**. This information has been furnished to Piedmont Airlines, Inc.

(d) The Plaintiffs' responses to American Airlines, Inc.'s First Set of Interrogatories further aver that:

(i) Plaintiff Carol Titus's medical providers will testify regarding her permanent disability because of her fall. See *Plaintiff Carol Titus*

---

[1] Defendants submit that Plaintiff David Titus's loss of consortium claims independently satisfies the amount in controversy. However, even if it does not, Plaintiff Carol Titus's claims satisfy the jurisdictional threshold, and therefore, a district court may exercise supplemental jurisdiction over the claims of Mr. David Titus pursuant to the supplemental jurisdiction statute 28 U.S.C. §1367.

        *Answer to American Airlines, Inc.'s First Set of Interrogatories, #20,* attached hereto as **Exhibit C**.

(ii)    Plaintiff Carol Titus will need future medical treatment including physical therapy and imaging studies. <u>See</u> *Plaintiff Carol Titus Answer to American Airlines, Inc.'s First Set of Interrogatories, #21,* attached hereto as **Exhibit C**.

(iii)    Plaintiff Carol Titus's responses to American Airlines, Inc.'s First Set of Interrogatories and Requests for Production of Documents represent an "other paper" from which it was ascertained that the amount in controversy was in excess of $75,000, exclusive of interest and costs, making the case removable pursuant to 28 U.S.C. § 1446(b)(3).

(iii)    This information has been furnished to Piedmont Airlines, Inc.

6

(e) Between the already-incurred medical bills and damages sought for pain and suffering, mental anguish, and the need for future medical treatment, the amount at issue is in excess of the jurisdictional threshold of $75,000.

10. Pursuant to 28 U.S.C. § 1446(b)(2)(C), if defendants are served at different times, and a later served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate removal. American Airlines, Inc. and American Airlines Group, Inc. unanimously and unambiguously consent to the removal of this action by Piedmont Airlines, Inc.

11. Since the Amended Complaint naming Piedmont Airlines, Inc. was only filed with the Mecklenburg County Superior Court on or about February 26, 2021, Piedmont Airlines, with the consent of American Airlines, Inc. and American Airlines Group, Inc., has timely removed this case within the 30-day interval afforded by 28 U.S.C. § 1446(b).

12. This Court is the proper district court for removal because the Mecklenburg County Superior Court is located within the district of the United States District Court for the Western District of North Carolina – Charlotte Division.

13. Pursuant to 28 U.S.C. § 1446(d), on this day, a copy of this Notice of Removal has been forwarded to the Clerk of the Mecklenburg County Superior

Court.  Also pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and the above-referenced Notice to the State Court has been provided to Scott M. Anderson, Esq. and Senta F. Rhodes, Esq., counsel of record for Plaintiffs Carol Titus and David Titus.

WHEREFORE, pursuant to this Notice of Removal and 28 U.S.C. §§ 1332, 1367, 1441 and 1446, Piedmont Airlines, Inc., with the unanimous and unambiguous consent of American Airlines Group, Inc. and American Airlines, Inc., respectfully requests that this Court assume jurisdiction of this case for all purposes and issue all necessary orders and process to remove the action from the Mecklenburg County Superior Court to the United States District Court for the Western District of North Carolina – Charlotte Division.

Respectfully submitted this 26th day of February, 2021.

> By: /s/ William M. Starr
> William M. Starr
> NC State Bar No. 31813
> NELSON MULLINS RILEY
> & SCARBOROUGH, L.L.P.
> 301 S. College Street, 23rd Floor
> Charlotte, North Carolina  28202
> Telephone: (704) 417-3000
> Facsimile: (704) 377-4814
> E-Mail:  bill.starr@nelsonmullins.com
> *Attorney for Defendants Piedmont Airlines Inc., American Airlines, Inc., and American Airlines Group, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Notice of Removal with the Court using the CM/ECF system and I hereby certify that I have mailed the document to Plaintiffs' counsel:

> Scott M. Anderson, Esq.
> Senta F. Rhodes, Esq.
> Grimes Teich Anderson LLP
> 111 E. North Street
> Greenville, SC 29601

This the 26th day of February, 2021.

> By: /s/ William M. Starr
> William M. Starr
> NC State Bar No. 31813
> NELSON MULLINS RILEY
> & SCARBOROUGH, L.L.P.
> 301 S. College Street, 23rd Floor
> Charlotte, North Carolina 28202
> Telephone: (704) 417-3000
> Facsimile: (704) 377-4814
> E-Mail: bill.starr@nelsonmullins.com
> *Attorney for Defendants Piedmont Airlines, Inc., American Airlines, Inc., and American Airlines Group, Inc.*