# EXHIBIT A

# STATE OF NORTH CAROLINA

Mecklenburg _____ County

File No. 20CVS6988

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>Carol E. Titus and David Titus | |
| *Address*<br>4850 Wrightsboro Road | **CIVIL SUMMONS** |
| *City, State, Zip*<br>Grovetown, GA  30813 | ☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| *Name Of Defendant(s)*<br>American Airlines, Inc. and American Airlines Group, Inc. | *Date Original Summons Issued* |
| | *Date(s) Subsequent Summons(es) Issued* |

## To Each Of The Defendant(s) Named Below:

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| American Airlines, Inc.<br>Registered Agent: The Corporation Trust Company<br>Corporation Trust Center  1209 Orange Street<br>Wilmington, DE  19801 | American Airlines Group, Inc.<br>Registered Agent: The Corporation Trust Company<br>Corporation Trust Center  1209 Orange Street<br>Wilmington, DE  19801 |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*<br>Scott M. Anderson<br>Grimes Teich Anderson LLP<br>111 E. North Street<br>Greenville, SC  29601 | *Date Issued*<br>5-1-20 | *Time*<br>12:00 ☐ AM ☒ PM |
|---|---|---|
| | *Signature* | |
| | ☒ *Deputy CSC*  ☐ *Assistant CSC*  ☐ *Clerk Of Superior Court* | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time*<br>☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ *Deputy CSC*  ☐ *Assistant CSC*  ☐ *Clerk Of Superior Court* | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid<br>$ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

Case 3:21-CV-00088-GCM   Document 1-1   Filed 02/26/21   Page 3 of 21

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.:

3 0cv5 6968

CAROL E. TITUS, and
DAVID TITUS

        Plaintiffs,

v.

AMERICAN AIRLINES, INC., and
AMERICAN AIRLINES GROUP, INC.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT**
**(Jury Trial Demanded)**

2020 MAY 12 A 11: 55

Now come the Plaintiffs, by and through counsel, who, complaining of the Defendants, do hereby allege and say as follows:

## PARTIES, JURISDICTION, and VENUE

1. That Plaintiff Carole E. Titus (hereinafter "Plaintiff Carol Titus") is a citizen and resident of Columbia County, Georgia.

2. That Plaintiff David Titus (hereinafter "Plaintiff David Titus") is a citizen and resident of Columbia County, Georgia.

3. That Plaintiffs are informed and believe that, at all times relevant hereto, Defendant American Airlines Group, Inc. (hereinafter collectively "Defendants") is a corporation organized and existing to the pursuant to the laws of the State of Delaware, operating aircrafts for business purposes in Mecklenburg County, North Carolina.

4. That Plaintiffs are informed and believe that, at all times relevant hereto, Defendant American Airlines, Inc. (hereinafter collectively "Defendants") is a corporation organized and existing to the pursuant to the laws of the State of Delaware, operating aircrafts for business purposes in Mecklenburg County, North Carolina.

5. That the acts complained of herein occurred when the aircraft was stationary and on the ground in Mecklenberg County, North Carolina, while Plaintiff Carol Titus was disembarking.

6. That this Court is a Court of proper jurisdiction over all parties hereto and the subject matter hereof.

7. That this Court is a Court of proper venue.

## FOR A FIRST CAUSE OF ACTION
### (Negligence)

8. That Plaintiffs realleges each and every allegation contained in Paragraph One through Paragraph Seven (7) and repeats them herein as if set forth verbatim.

9. On September 7, 2017, Plaintiff Carol Titus was a passenger on an American Airlines flight, which had landed at the Charlotte Douglas International Airport, in Mecklenburg County, North Carolina, and had taxied to the location for passengers to disembark.

10. At all material times, the manner to disembark Defendants' aircraft referenced above (hereinafter "the Aircraft") were narrow metal stairs from the plane down towards the ground.

11. At all material times, the stairs ended at a point above the ground and there was a temporary block on the ground to serve as a final step (hereinafter "block" or "final step").

12. At all relevant times, this final step was too close to the last metal step and partially underr it and not in a safe position causing Plaintiff Carol Titus to lose her footing and fall.

13. The block was placed in the unsafe position by employees and agents of Defendants, such that the available tread of the block, upon which to step was not fully accessible and not reasonbly safe.

14. Defendants, by and through its employees and agents, had either constructive or actual knowledge of this dangerous condition before Plaintiff Carol Titus fell.

15. The dangerous condition of the final step was not visible and apparent to Plaintiff Carol Titus despite watching where she was walking and exercising, at least, her usual reasonable care for herself.

16. That as a result of the above-described fall, Plaintiff Carol Titus incurred serious injuries, including a fractured head of the left femur and fracture of her left radius.

17. The aforementioned injuries and damages to the Plaintiff Carol Titus were the direct and proximate result of the Defendants' negligence, gross negligence, carelessness, recklessness, and willful and wanton disregard for the rights of the Plaintiff Carol Titus in one or more of the following particulars:

   a. Defendants failed to place and maintain the final step in question in a reasonably safe condition;

b. Defendants failed to warn customers utilizing the block, including the Plaintiff Carol Titus, of perils and unsafe conditions of which the Defendants knew, or by reasonable inspection, should have discovered;

c. Defendants failed to make reasonable inspection of the block in question and to correct unsafe conditions which such an inspection would have revealed, including but not limited to the block at the bottom which was not in a safe position.

d. Despite the unsafe and hazardous condition of which Defendants knew or should have known, Defendants failed to take reasonable action to correct said condition or to warn utilizing the stairs exiting the Aircraft, of the danger which was known or should have been known to the Defendants;

e. Defendants negligently created the unsafe condition, the block which was not safely placed under the stairs, and failed to keep the said stairs reasonably safe;

f. Defendants negligently failed to ensure that the stairs exiting the Aircraft were safe or to warn users of said any non-obvious defect;

g. Defendants were negligent in its hiring, training and retention of its employees who failed to keep the stairs exiting the aircraft in a safe condition;

h. Defendants negligently failed to warn lawful users of the ramp when the Defendants knew or should have known that the stairs upon the occasion in question was unsafe and hazardous so as to endanger those persons lawfully using same.

18. Plaintiff Carol Titus's injuries described herein are a direct and proximate result of the negligent, grossly negligent, carelessness, and willful and wanton acts and omissions of the Defendants as are set forth above.

19. That as a direct and proximate result of Defendants' negligent, grossly negligent, careless and reckless conduct, the Plaintiff Carol Titus sustained severe, painful, and permanent injuries to her body, for which she continues to suffer great pain of body and mind.

20. That as a direct and proximate result of Defendants' negligent, grossly negligent, careless and reckless conduct, the Plaintiff Carol Titus has incurred medical expenses as well as other damages and losses.

21. The negligent acts and omissions of Defendant American Airlines, Inc.'s employees, agents and contractors, as agents of Defendant American Airlines, Inc., are imputed to their principal, the Defendant American Airlines Inc., under the laws of agency and *respondeat superior*.

22. The negligent acts and omissions of Defendant American Airlines Group, Inc.'s employees, agents and contractors, as agents of Defendant American Airlines Group, Inc. are imputed to their principal, the Defendant American Airlines Group, Inc., under the laws of agency and *respondeat superior*.

23. The Plaintiff Carol Titus is entitled to judgment against the Defendants, jointly and severally, for compensatory damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) for these damages.

## FOR A SECOND CAUSE OF ACTION
## (LOSS OF CONSORTIUM AS TO PLAINTIFF DAVID TITUS)

24. That the Plaintiffs reallege each allegation contained in Paragraph One (1) through Paragraph Twenty-three (23) and are reiterated herein as if repeated verbatim.

25. That Plaintiff David Titus, is now, and was at the time of the incident, which is the subject of this action, the husband of the Plaintiff Carol Titus.

26. That as a direct and proximate result of the willful, wanton, reckless and negligent acts and / or omissions on the part of Defendants, Plaintiff David Titus sustained substantial damages in regard to loss of consortium, marital services, society, advice, affection, companionship or marital relations of his spouse, Plaintiff Carole Titus.

27. Plaintiff David Titus is entitled to judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of Twenty-five Thousand Dollars ($25,000.00) from the Defendants.

**WHEREFORE**, the Plaintiffs pray for relief as follows:

A. That Plaintiffs have and recover of the Defendants, jointly and severally, a sum in excess of $25,000.00 as will be shown at trial;

B. That the costs of this action be taxed against the Defendants, including prejudgment interest pursuant to *N.C.G.S. §24-5*;

C. That all issues of fact be tried by a jury; and

D. For such other and further relief as the Court deems just and proper.

Respectfully submitted this the 5th day of April 2020.

GRIMES TEICH ANDERSON LLP
Attorneys for the Plaintiffs

By: _____

Scott M. Anderson (NC Bar No.: 17263)
Senta F. Rhodes (NC Bar No.: 51282)
111 E. North Street
Greenville, SC 29601
(864) 421-0770

# STATE OF NORTH CAROLINA

_____Mecklenburg_____ County

▶ File No.
20 CVS 6968

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| Name Of Plaintiff<br>Carol E. Titus and David Titus | |
|---|---|
| Address<br>4850 Wrightsboro Road | **CIVIL SUMMONS** |
| City, State, Zip<br>Grovetown, GA 30813 | ☒ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| Name Of Defendant(s)<br>American Airlines, Inc., American Airlines Group, Inc. and Piedmont Airlines, Inc. | Date Original Summons Issued<br>05/12/2020 |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1<br>Piedmont Airlines, Inc. | Name And Address Of Defendant 2 |
|---|---|

⚠ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales. ¡NO TIRE estos papeles! Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)<br>Scott M. Anderson<br>Grimes Teich Anderson LLP<br>111 E. North Street<br>Greenville, SC 29601 | Date Issued | Time<br>☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time<br>☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

> *Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

> *Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 20 CVS 6968

| | | |
|---|---|---|
| CAROL E. TITUS, and | ) | |
| DAVID TITUS | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **AMENDED** |
| v. | ) | **COMPLAINT** |
| | ) | **(Jury Trial Demanded)** |
| AMERICAN AIRLINES, INC., | ) | |
| AMERICAN AIRLINES GROUP, INC., | ) | |
| and PIEDMONT AIRLINES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Now come the Plaintiffs, by and through counsel, who, complaining of the Defendants, do hereby file this Amended Complaint with the knowledge and consent of counsel for the Defendants, and allege and say as follows:

## PARTIES, JURISDICTION, and VENUE

1. That Plaintiff Carole E. Titus (hereinafter "Plaintiff Carol Titus") is a citizen and resident of Columbia County, Georgia.

2. That Plaintiff David Titus (hereinafter "Plaintiff David Titus") is a citizen and resident of Columbia County, Georgia.

3. That Plaintiffs are informed and believe that, at all times relevant hereto, Defendant American Airlines Group, Inc. (hereinafter collectively "Defendants") is a corporation organized and existing to the pursuant to the laws of the State of Delaware, operating aircrafts for business purposes in Mecklenburg County, North Carolina.

4. That Plaintiffs are informed and believe that, at all times relevant hereto, Defendant American Airlines, Inc. (hereinafter collectively "Defendants") is a corporation organized and existing to the pursuant to the laws of the State of Delaware, operating aircrafts for business purposes in Mecklenburg County, North Carolina.

5. That Plaintiffs are informed and believe that, at all times relevant hereto, Defendant Piedmont Airlines Inc. (hereinafter "Piedmont Airlines") is a corporation organized and

existing to the pursuant to the laws of the State of Maryland, performing ground handling services for Defendants American Airlines, Inc. and American Airlines Group, Inc., and is a wholly owned subsidiary of Defendant American Airlines Group, Inc.

6. That the acts complained of herein occurred when the aircraft was stationary and on the ground in Mecklenburg County, North Carolina, while Plaintiff Carol Titus was disembarking.

7. That this Court is a Court of proper jurisdiction over all parties hereto and the subject matter hereof.

8. That this Court is a Court of proper venue.

## FOR A FIRST CAUSE OF ACTION
### (Negligence)

9. That Plaintiffs realleges each and every allegation contained in Paragraph One through Paragraph Eight (8) and repeats them herein as if set forth verbatim.

10. On September 7, 2017, Plaintiff Carol Titus was a passenger on an American Airlines flight, which had landed at the Charlotte Douglas International Airport, in Mecklenburg County, North Carolina, and had taxied to the location for passengers to disembark.

11. At all material times, the manner to disembark Defendants' aircraft referenced above (hereinafter "the Aircraft") were narrow metal stairs from the plane down towards the ground.

12. At all material times, the stairs ended at a point above the ground and there was a temporary block on the ground to serve as a final step (hereinafter "block" or "final step").

13. At all relevant times, this final step was too close to the last metal step and partially under it and not in a safe position causing Plaintiff Carol Titus to lose her footing and fall.

14. The block was placed in the unsafe position by employees and agents of Defendants, such that the available tread of the block, upon which to step was not fully accessible and not reasonably safe.

15. Defendants, by and through its employees and agents, had either constructive or actual knowledge of this dangerous condition before Plaintiff Carol Titus fell.

16. The dangerous condition of the final step was not visible and apparent to Plaintiff Carol Titus despite watching where she was walking and exercising, at least, her usual reasonable care for herself.

17. That as a result of the above-described fall, Plaintiff Carol Titus incurred serious injuries, including a fractured head of the left femur and fracture of her left radius.

18. The aforementioned injuries and damages to the Plaintiff Carol Titus were the direct and proximate result of the Defendants' negligence, gross negligence, carelessness, recklessness, and willful and wanton disregard for the rights of the Plaintiff Carol Titus in one or more of the following particulars:

   a. Defendants failed to place and maintain the final step in question in a reasonably safe condition;

   b. Defendants failed to warn customers utilizing the block, including the Plaintiff Carol Titus, of perils and unsafe conditions of which the Defendants knew, or by reasonable inspection, should have discovered;

   c. Defendants failed to make reasonable inspection of the block in question and to correct unsafe conditions which such an inspection would have revealed, including but not limited to the block at the bottom which was not in a safe position.

   d. Despite the unsafe and hazardous condition of which Defendants knew or should have known, Defendants failed to take reasonable action to correct said condition or to warn utilizing the stairs exiting the Aircraft, of the danger which was known or should have been known to the Defendants;

   e. Defendants negligently created the unsafe condition, the block which was not safely placed under the stairs, and failed to keep the said stairs reasonably safe;

   f. Defendants negligently failed to ensure that the stairs exiting the Aircraft were safe or to warn users of said any non-obvious defect;

   g. Defendants were negligent in its hiring, training and retention of its employees who failed to keep the stairs exiting the aircraft in a safe condition;

   h. Defendants negligently failed to warn lawful users of the ramp when the Defendants knew or should have known that the stairs upon the occasion in question was unsafe and hazardous so as to endanger those persons lawfully using same.

19. Plaintiff Carol Titus's injuries described herein are a direct and proximate result of the negligent, grossly negligent, carelessness, and willful and wanton acts and omissions of the Defendants as are set forth above.

20. That as a direct and proximate result of Defendants' negligent, grossly negligent, careless and reckless conduct, the Plaintiff Carol Titus sustained severe, painful, and permanent injuries to her body, for which she continues to suffer great pain of body and mind.

21. That as a direct and proximate result of Defendants' negligent, grossly negligent, careless and reckless conduct, the Plaintiff Carol Titus has incurred medical expenses as well as other damages and losses.

22. The negligent acts and omissions of Defendant American Airlines, Inc.'s employees, agents and contractors, as agents of Defendant American Airlines, Inc., are imputed to their

principal, the Defendant American Airlines Inc., under the laws of agency and *respondeat superior*.

23. The negligent acts and omissions of Defendant American Airlines Group, Inc.'s employees, agents and contractors, as agents of Defendant American Airlines Group, Inc. are imputed to their principal, the Defendant American Airlines Group, Inc., under the laws of agency and *respondeat superior*.

24. The negligent acts and omissions of Defendant Piedmont Airlines, Inc.'s employees, agents and contractors, are imputed to their principal, Piedmont Airlines, Inc. under the laws of agency and *respondeat superior*.

25. The Plaintiff Carol Titus is entitled to judgment against the Defendants, jointly and severally, for compensatory damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) for these damages.

## FOR A SECOND CAUSE OF ACTION
## (LOSS OF CONSORTIUM AS TO PLAINTIFF DAVID TITUS)

26. That the Plaintiffs reallege each allegation contained in Paragraph One (1) through Paragraph Twenty-five (25) and are reiterated herein as if repeated verbatim.

27. That Plaintiff David Titus, is now, and was at the time of the incident, which is the subject of this action, the husband of the Plaintiff Carol Titus.

28. That as a direct and proximate result of the willful, wanton, reckless and negligent acts and / or omissions on the part of Defendants, Plaintiff David Titus sustained substantial damages in regard to loss of consortium, marital services, society, advice, affection, companionship or marital relations of his spouse, Plaintiff Carole Titus.

29. Plaintiff David Titus is entitled to judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of Twenty-five Thousand Dollars ($25,000.00) from the Defendants.

**WHEREFORE**, the Plaintiffs pray for relief as follows:

A. That Plaintiffs have and recover of the Defendants, jointly and severally, a sum in excess of $25,000.00 as will be shown at trial;

B. That the costs of this action be taxed against the Defendants, including prejudgment interest pursuant to *N.C.G.S. §24-5*;

C. That all issues of fact be tried by a jury; and

D. For such other and further relief as the Court deems just and proper.

Respectfully submitted this the 27ᵗʰ day of January, 2021.

GRIMES TEICH ANDERSON LLP
Attorneys for the Plaintiffs

By: _____

Scott M. Anderson (NC Bar No.: 17263)
Senta F. Rhodes  (NC Bar No.: 51282)
111 E. North Street
Greenville, SC  29601
(864) 421-0770

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 20 CVS 6968

CAROL E. TITUS and
DAVID TITUS,

        Plaintiffs,

vs.

AMERICAN AIRLINES, INC. and
AMERICAN AIRLINES GROUP, INC.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

### ORDER

THIS MATTER having come before the Clerk pursuant to the Motion of Defendants for an extension of time to serve an Answer or otherwise plead and/or respond to the Complaint; and good cause having been shown, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1.     That the Defendants have an additional 30 days, up to and including Monday, August 3, 2020, within which to serve an Answer or otherwise plead and/or respond to the Complaint asserted by Plaintiffs including any Motion(s) to Dismiss pursuant to Rule 12(b) of the North Carolina Rules of Civil Procedure.

Dated this 30 day of June , 2020.

By: _____
Mecklenburg County Clerk of Superior Court

4821-9485-6641 v.1

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 20 CVS 6968

CAROL E. TITUS and
DAVID TITUS,

        Plaintiffs,

vs.

AMERICAN AIRLINES, INC. and
AMERICAN AIRLINES GROUP, INC.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

## ORDER

THIS MATTER having come before the Clerk pursuant to Defendant American Airlines, Inc. and Defendant American Airlines Group Inc.'s *Motion for Extension of Time to Respond to Plaintiffs' First Set of Interrogatories, Requests for Production, and Request for Admissions*, and good cause having been shown, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1.    American Airlines, Inc. and American Airlines Group Inc. shall have an additional 30 days up to and including September 23, 2020 to serve responses to *Plaintiffs' First Set of Interrogatories, Requests for Production, and Request for Admissions*.

Dated this 3 day of August, 2020.

By: _____
Mecklenburg County Clerk of Superior Court

**STATE OF NORTH CAROLINA**
Mecklenburg County

FILE NO. 20-CVS-6968

In The General Court of Justice
Superior Court Division

Carol E. Titus and
_____
Plaintiff

David Titus
_____
Plaintiff

VERSUS

American Airlines, Inc. and
_____
Defendant

American Airlines Group, Inc.
_____
Defendant

2020 SEP 21 A 10: 32

MECKLENBURG CO. C.S.C

BY _____

**CONSENT**
**CASE MANAGEMENT ORDER**

Pursuant to N. C. Gen. Stat. 1A-1, Rules 16 and 26, **and by and with the consent of the parties,** this Consent Case Management Order **shall** govern discovery and trial of this case. This Order supersedes any previous Case Management Orders entered in this case and is subject to further amendment upon motion for good cause shown, or by the Court, first made with the Caseflow Manager under Local Civil Rule 6.

Except where modified by this Order, the 26th Judicial District Superior Court Division Civil Rules (the "Local Civil Rules") are incorporated into this Order. The Parties shall know and follow the Local Civil Rules which are available for viewing at www.nccourts.org or www.meckbar.org.

1.   This case is hereby set for trial on June 1, 2021 _____ (the "trial date").

2.   **Dispositive Motions** shall be filed by April 1, 2021 _____ (the "dispositive motions filing deadline") The dispositive motions filing deadline shall be no later than 60 days prior to the trial date, and the motion shall be scheduled for hearing not less than 30 days prior to the trial date. Such motions must be scheduled through the scheduling process under the Local Civil Rules within 3 days of the filing of the Motion.

3.   **Discovery Deadline:** Unless otherwise agreed by the parties: (1) **discovery** must be completed <u>no later than 60</u> days prior to the trial date **(the "discovery deadline")**; and (2) all discovery must be noticed or served in sufficient time under the N.C. Rules of Civil Procedure for the receiving party to be able to appear or respond by the discovery deadline. Unless otherwise agreed by the parties, an extension of the trial date after the end of the discovery deadline, does not extend the discovery deadline. The discovery deadline is intended to give the Parties time to prepare dispositive motions and/or prepare for trial following the completion of discovery. <u>Under no circumstances shall any agreed extensions or any consent order extensions of the discovery deadline by the clerk impact the dispositive motion filing deadline or assigned trial date, nor shall any party seek an ex parte extensions of time from the clerk to respond to timely served discovery beyond the discovery deadline.</u>

Additional requirements, if any, regarding written discovery, depositions, or other discovery issues not set forth herein or below, are set forth in Exhibit A attached.

4.   **Mediation** shall be conducted unless, upon motion, the Court orders otherwise under the 26th Judicial District Local Rules Governing Mediated Settlement Conferences In Superior Court Civil Actions. All forms of ADR must be completed <u>no later than 8 weeks before the trial date. (The actual ADR deadline will be assigned at the time the Order for ADR (CCF-14) is issued.)</u> If a change in the trial date occurs, a separate Motion and Order to Extend the ADR Deadline (CCF-44) must be submitted to the ADR Coordinator in the Caseflow Management Division in order to change the assigned ADR deadline.

5.   **Expert discovery:** The expert discovery requirements herein are modified by the terms in Exhibit A attached hereto, if any, and if no modifications are included in Exhibit A, then the terms below govern expert discovery.

CCF-23A

(1) In lieu of expert interrogatories, and unless otherwise agreed by the parties, **expert witnesses** shall be designated by providing the information required by N.C. Rule of Civil Procedure 26(b)(4)a, on the following schedule: (a) **Plaintiffs' experts** no later than _150_ days prior to trial; (b) **Defendants' experts** no later than _120_ days prior to trial;(c) **Plaintiffs' rebuttal experts or rebuttal opinions** no later than _105_ days prior to trial; and (d) **Defendants' rebuttal experts or rebuttal opinions** no later than _90_ days prior to trial.

(2) Unless otherwise agreed by the parties, **depositions of experts** are permitted, provided they are noticed to occur prior to the discovery deadline, and provided the party desiring to depose the expert witness pays the expert a reasonable hourly rate for the expert's actual time testifying at the deposition. In the event of a dispute regarding the reasonable hourly fee, upon motion, the court shall determine the fee.

6. **Depositions:** (1) Objections and attorney statements: During depositions: (a) attorneys shall not make objections or statements designed to suggest an answer to the witness; and (b) attorney's statements when making objections shall be succinct, stating the basis for the objection and nothing more.

(2) Instructions Not to Answer: During depositions, attorneys shall not direct or request that a witness not answer a question, unless: (a) the attorney has objected on the ground that the answer is protected by privilege; (b) the answer is protected by some limitation on evidence ordered by the Court; or (c) the attorney states on the record that a Protective Order will be sought with respect to the question asked, and then, unless otherwise resolved by the parties, files a motion for Protective Order within five business days after the refusal to answer is given.

These additional requirements regarding depositions are modified by the terms in Exhibit A attached hereto, if any, and if no modifications are included in Exhibit A, then these terms shall be part of this Order.

7. **Trial Disclosures:** Trial disclosures shall be governed by the terms in Exhibit A attached hereto, if any, and if none are included in Exhibit A, then as set forth herein, as follows: Unless otherwise agreed by the parties, witness lists, exhibit lists, proposed jury issues and any exhibits not previously exchanged, shall be exchanged no later than 10 days before the Monday of the scheduled week of trial. Other requirements of Rule 7 of the General Rules of Practice need not be met, although the parties may agree upon the usage of a Pre-Trial Order.

8. **Exhibit A additional terms:** The terms, if any, attached hereto in Exhibit A prepared by the parties, are incorporated herein by reference in this Consent Case Management Order, and are binding on the parties. Should there be any inconsistency between the terms of Exhibit A and the above-referenced terms of this Consent Case Management Order, the terms in Exhibit A shall control. [Note: If the parties desire to add additional terms, they should attach a document marked Exhibit A, which also is signed by the parties, or their attorneys.]

9. Failure to comply with the deadlines set forth in this Consent Case Management Order may result in the exclusion of evidence or witnesses not timely disclosed, absent a showing of excusable neglect for noncompliance.

9-17-2020
_____
Date

_____
Senior Resident Superior Court Judge/Designee

Signatures of Parties or their Attorneys:

Sept. 10, 2020
_____        Scott Anderson
Date

For Plaintiffs Carol E. Titus and David Titus

Sept. 10, 2020
_____        William M. Starr
Date

For American Airlines, Inc. and American Airlines Group, Inc.

_____
Date

CCF-23A

**NORTH CAROLINA**

**MECKLENBURG COUNTY**

**GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 20-CVS-006968**

TITUS,CAROL,E
TITUS,DAVID

v.

AMERICAN AIRLINES INC
AMERICAN AIRLINES GROUP INC

## <u>ORDER FOR ALTERNATIVE
DISPUTE RESOLUTION</u>

IT IS HEREBY ORDERED that this case be referred to the following alternative dispute resolution procedure, which shall proceed in accordance with the Rules indicated below:

| ☐ Early Neutral Evaluation | ☐ Arbitration | ☐ Other _____ |
|---|---|---|
| ☐ Summary Jury Trial | ☒ Mediated Settlement Conference | |

The alternative dispute resolution procedure designated above shall be completed no later than **04/05/2021. Due to new local rule revisions, the ADR deadline is now a fixed date, which is 8 weeks prior to the trial date. Extensions will not be granted beyond this point unless exigent circumstances exist. Mediation must now be completed by this deadline**

Final trial date assigned        **06/01/2021**.

Within twenty-one (21) days after the date Ordered, the parties may, by agreement, select a certified mediator to conduct their mediated settlement conference (As of 3/1/06, non-certified mediators are prohibited pursuant to the Supreme Court revisions). Within twenty-one (21) days after the date Ordered, the plaintiff or plaintiff's attorney shall notify the Court of the selection of a certified mediator. **Notice shall be on form AOC-CV-812 and shall be given to Katie Dolan (704.686.0191), Alternative Dispute Resolution Coordinator, Caseflow Management Division, 832 East 4th Street, Suite 3420, Charlotte, NC 28202, with the original, one copy and a self-addressed stamped envelope. <u>Any designations not processed by Katie Dolan as Judge's designee are invalid.</u>**

A mediator selected by agreement of the parties shall be compensated at a rate agreed upon between the mediator and the parties. If the parties select their own mediator, they shall notify that individual prior to submitting the designation of mediator to the court.

A court-appointed mediator shall be compensated at the rate of $150 per hour for time spent in the mediated settlement conference, to be billed in quarter hour segments. **In addition, a one-time $175 administrative fee shall be paid pursuant to Rule 7.B, AND LOCAL RULE 3(E). COURT APPOINTED MEDIATORS ARE NOT PERMITTED TO WAIVE THIS FEE AND PARTIES MUST SHOW PROOF OF PAYMENT TO THE COURT IF A SUBSTITUTION IS SOUGHT AT ANY TIME AFTER THE APPOINTMENT.** The conference fee shall be paid as provided for in Rule 7.F. Court appointed mediators may not charge parties for travel time, mileage, or any other out-of-pocket expenses associated with the court ordered mediation.

All persons required by Rule 4.A (1) to attend the conference shall be physically present unless such physical presence is excused pursuant to the agreement of all parties and persons required to attend and the mediator or by an order of the Senior Resident Superior Court Judge, upon motion of a party and with notice to all parties and persons required to attend and the mediator.

The mediator shall schedule the date, time and location of the conference and timely notify all attorneys and unrepresented parties. The conference shall be completed by the deadline for completion set forth above and the mediator shall report the results on form AOC-CV-813 to the Court within ten (10) days after the conference is completed.

                                                    Date Ordered: 09/23/2020

**STARR,WILLIAM,MICHAEL
ONE WELLS FARGO CENTER
301 SOUTH COLLEGE STREET
23RD FLOOR
CHARLOTTE, NC 28202**

                                            **William R. Bell
                                            Senior Resident Superior Court Judge**

# Instructions for Submitting Paperwork to Caseflow Management

We are attempting to limit hand-to-hand contact (passing of papers) as much as possible during this time. In order to prevent exposure to and spread of the COVID-19 virus, <u>we are limiting the time staff is physically present in the building and we are attempting to eliminate unnecessary traffic in the courthouse unless it is absolutely required to physically appear.</u> **We are requesting submissions to the office be done via email and we are requesting to eliminate physically delivering paperwork if it may be emailed or mailed to staff.**

Please **ONLY** send one copy to the appropriate staff member by email or, if email is not an available option, mail a hard copy by US Postal Service (Please **ONLY** mail hard copies when marked as being <u>necessary</u>). Submission through email will ensure a timely response and decreased processing times. **Mailed or delivered items will experience a longer processing and response time.**

**Superior Court:**

o  **Motions to Continue Superior Court Trial (CVS)** – must be file stamped and emailed to Deborah Savage (hard copy is not necessary) – unfiled motions **<u>will not</u>** be considered and will be discarded - Form CCF-5A

o  **Orders accompanying the Motion to Continue Superior Court Trial (CVS)** – should NOT be file stamped and should be emailed with the Motion to Deborah Savage. (hard copy is not necessary) – Form CCF-5B

o  **Objections to the Motion to Continue (CVS)** – should be emailed to Deborah Savage, filed or unfiled, within 2 business days of service of the motion. (hard copy is not necessary) – Form CCF-6

o  **Proposed Consent Case Management Orders in Superior Court (CVS)** – (Must be signed by the attorneys) should NOT be file stamped and should be sent by email to Deborah Savage (hard copy is not necessary) – Form CCF-23A

o  **Peremptory Setting Requests in Superior Court (CVS)** – Should NOT be file stamped and should be sent by email to Deborah Savage (hard copy is not necessary) – Form CCF-3

o  **Motions to Extend ADR Deadline** – Should be file stamped and emailed to Katie Dolan (hard copy is not necessary) – Form CCF-44A

o  **Orders accompanying the Motion to Extend ADR Deadline** – should NOT be file stamped and should be emailed with the Motion to Katie Dolan. (hard copy is not necessary) – Form CCF-44B

o  **Designation of Mediator** – should be emailed to Katie Dolan and the original hard copy should be <u>mailed by US Postal Mail Service</u> to her for filing. – Form AOC-CV-812

o  **Report of Mediator** – should be emailed to Katie Dolan and the original hard copy should be <u>mailed by US Postal Mail Service</u> to her for filing. – Form AOC-CV-813

o  **Notice of Hearing/Motion in Superior Court (CVS)** – can, but are not required to be, filed stamped and emailed to Annmarie Spiegel (hard copy is not necessary)

o  **Secured Leave** – should be emailed to Annmarie Spiegel (hard copy is not necessary) – Form CCF-27 (please do not send one to each staff member in Caseflow or to the TCA. If you have FC cases, please do send to them as well)

o  **Medical Malpractice Discovery Scheduling Order (CVS)** – Should NOT be file stamped and a hard copy should be <u>mailed by US Postal Mail Service</u> to Deborah Savage.

o  **Voluntary Dismissal or Proof of Filing related to Clean-up Matter for Superior Court (CVS)** – Should be filed stamped and emailed to Deborah Savage, Meredith Davis and Annmarie Spiegel (hard copy is not necessary)

## District Court:

o **Motions to Continue District Court Trial or Courtroom Hearing (CVD)** – should be file stamped and emailed to Felicia Forney (hard copy is not necessary) – unfiled motions **will not** be considered and will be discarded - Form CCF-5A

o **Orders accompanying the Motion to Continue District Court Trial or Hearing (CVD)** – should NOT be file stamped and should be emailed with the Motion to Felicia Forney. (hard copy is not necessary) – Form CCF-5B

o **Peremptory Setting Requests in District Court Trial (CVD)** – Should NOT be file stamped and should be sent by email to Felicia Forney (hard copy is not necessary) – Form CCF-3

o **Motions to Continue District Court Arbitration Hearing (CVD)** – should be file stamped and emailed to Katie Dolan (hard copy is not necessary) – Form CCF-5A

o **Orders accompanying the Motion to Continue District Court Arbitration Hearing (CVD)** – should NOT be file stamped and should be emailed with the Motion to Katie Dolan. (hard copy is not necessary) – Form CCF-5B

o **Notice of Hearing/Motion in District Court (CVD)** – can, but are not required to be, filed stamped and emailed to Felicia Forney (hard copy is not necessary)

o **Secured Leave** – should be emailed to Annmarie Spiegel (hard copy is not necessary) – Form CCF-27 (please do not send one to each staff member in Caseflow or to the TCA. If you have FC cases, please do send to them as well)

o **Voluntary Dismissal or Proof of Filing related to Clean-up Matter for District Court (CVD)** – Should be filed stamped and emailed to Felicia Forney and Katie Dolan (hard copy is not necessary)

**\*\*\* Please Note – Attorneys are <u>required to drop filings for the Clerk in a secured receptacle or mail them to the Clerk's Office</u>. Attorneys are not allowed to file at the window. Please make certain to allow enough time for your documents to be filed, returned to you and subsequently submitted to our office in advance of the deadline assigned\*\*\***

**\*\*\*Please Note – In situations that require a signed and filed copy be returned to you, the Caseflow Coordinator will advise you once the Signed and Filed copy is ready and how you may obtain a copy\*\*\***

**\*\*\*If you need to <u>Schedule</u> a Motion in Superior Court, you may use Justice Initiative's CourtCalendar or contact Annmarie Spiegel by email or phone.**

**\*\*\*If you need to <u>Schedule</u> a Motion in District Court, you may use Justice Initiative's CourtCalendar or contact Felicia Forney by email or phone.**

## Caseflow Management Staff Contact Information – Please Note, email is Preferred if possible

| Deborah Savage | 686-0186 | Deborah.A.Savage@nccourts.org |
| Katie Dolan | 686-0191 | Katie.L.Dolan@nccourts.org |
| Felicia Forney | 686-0188 | Felicia.T.Forney@nccourts.org |
| Annmarie Spiegel | 686-0190 | Annmarie.Spiegel@nccourts.org |
| Meredith Davis | 686-0194 | Meredith.P.Davis@nccourts.org |

**Caseflow Management**
832 East 4th Street, Ste 3420
Charlotte, NC 28202

**Clerk's Mailing Address and Phone #**
P.O. Box 37971
Charlotte, NC 28237
(704) 686-0520 or (704) 686-0503